E-FILED – **JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-7982-GHK (PJWx) | Date | December 2, 2014 |
|---|---|---|---|
| Title | *Jose Carlos Morales v. Select Portfolio Servicing, Inc., et al.* | | |

| Presiding: The Honorable | GEORGE H. KING, CHIEF U. S. DISTRICT JUDGE | |
|---|---|---|
| Beatrice Herrera | N/A | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**  **(In Chambers) Order re:** Plaintiff's Motion to Remand [Dkt. 12]

This matter is before us on the above-captioned Motion. We have considered the papers filed in support of and in opposition to this Motion and deem this matter appropriate for resolution without oral argument. L.R. 7-15. As the Parties are familiar with the facts, we will repeat them only as necessary. Accordingly, we rule as follows:

**I.   Procedural and Factual Background**

On December 8, 2006, Plaintiff Jose Carlos Morales ("Plaintiff") obtained a $380,000 loan secured by a Deed of Trust ("DOT") on real property located at 1810 E. Poinsettia Street, Long Beach, California 90805 (the "Property"). (Compl. at ¶¶ 9-10; RJN, Exh. A.) Defendant Bank of America, N.A. ("BANA") acted as the servicer of Plaintiff's loan until late 2013, when it transferred its servicing rights to Select Portfolio Servicing, Inc. ("SPS"). (*Id.* at ¶ 32.) In January 2013, Plaintiff contacted BANA to obtain a loan modification due to financial hardship. (*Id.* at ¶ 12.) BANA informed Plaintiff it would send the application in the mail, but he did not receive it for several weeks and had to call several times to inquire about its whereabouts. (*Id.*)

Plaintiff sought assistance with his application efforts from a non-profit organization and, with its help, submitted a loan modification application on February 6, 2013. (*Id.* at ¶ 14.) Over the next month and a half, Plaintiff submitted all requested documents and information. (*Id.* at ¶¶ 16-17.) On March 15, 2013, BANA confirmed his file was under review and no additional documents were needed. (*Id.* at ¶ 18.) On March 30, 2013, Plaintiff received a letter from BANA informing him his application was denied. (*Id.* at ¶ 19.) The letter provided no reasons for the denial. (*Id.*) On April 23, 2013, Plaintiff received another letter from BANA that informed him his application was denied because he failed to submit all requested documents. (*Id.* at ¶ 20.)

On April 30, 2013, an agent of the non-profit organization followed-up with BANA, and BANA informed the agent Plaintiff's file was closed. (*Id.* at ¶ 21.) The non-profit agent asked to reopen the file and that a single point of contact ("SPOC") be assigned. (*Id.*) On June 6, 2013, the non-profit agent

E-FILED – **JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-7982-GHK (PJWx) | Date | December 2, 2014 |
|---|---|---|---|
| Title | *Jose Carlos Morales v. Select Portfolio Servicing, Inc., et al.* | | |

called BANA for an update and was informed Plaintiff's May 18, 2013 application had been denied. (*Id.* at ¶ 22.) Plaintiff did not submit an application on that date. (*Id.*)

On July 5, 2013, Plaintiff received a letter from BANA regarding its intent to foreclose his property. (*Id.* at ¶ 23.) Plaintiff faxed BANA a new loan modification application on July 16, 2013. (*Id.* at ¶ 24.) On July 26, 2013, an agent of the non-profit organization called BANA to confirm receipt and a BANA representative stated it had not received his application. (*Id.*) The agent refaxed the application. (*Id.*) BANA confirmed receipt on August 5, 2013, and Plaintiff submitted his 2012 tax returns and updated paystubs and bank statements. (*Id.* at ¶¶ 28-30.)

On December 17, 2013, the non-profit organization received a letter from SPS stating that it was Plaintiff's new servicer. (*Id.* at ¶ 32.) BANA never notified Plaintiff that it transferred its servicing rights to SPS. At SPS's request, Plaintiff submitted additional financial documents in support of his loan modification application in January 2014 and again in April 2014. (*Id.* at ¶¶ 33-34.) On May 19, 2014, Plaintiff received a letter from SPS notifying him that his loan was in default. (*Id.* at ¶ 35.) Plaintiff still has not received a determination on this loan modification application. (*Id.* at ¶ 36.)

On August 29, 2014, Plaintiff filed this action in California Superior Court. [Dkt. 1.] Based on the foregoing allegations, Plaintiff's Complaint asserts the following claims: (1) violation of the California Homeowner Bill of Rights ("HOBR"), which requires loan servicers to provide a SPOC;[1] (2) negligent misrepresentation; (3) violation of California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, *et seq.*; and (4) breach of the implied covenant of good faith and fair dealing. Plaintiff seeks "compensatory, special and general damages in an amount [subject] to proof at trial"; "civil penalties pursuant to statute and restitution"; and the award of "reasonable attorney's fees [and] reasonable costs of suit." (Compl. at 11.) Although not mentioned in Plaintiff's prayer for relief, Plaintiff's Complaint also states that his claims "present[] a ripe and justiciable controversy for this court's immediate equitable adjudication for which money damages would not be appropriate and without which the Plaintiff will suffer irreparable injury in the loss of his home and his family's resultant homelessness." (*Id.* at ¶ 47.) Plaintiff's UCL claim also includes a demand for Defendants' "illicit profits," including late fees they charged and costs associated with "instituting wrongful foreclosure against the subject property." (*Id.* at ¶ 64.)

SPS removed this action on October 15, 2014, asserting we have diversity jurisdiction under 28 U.S.C. Section 1332.[2] [Dkt. 1.] Plaintiff now moves to remand this case to state court, claiming that the

---

[1] *See* Cal. Civ. Code § 2923.7(a).

[2] BANA, a named Defendant at the time of removal, did not join the Notice of Removal, but did consent to removal of this action. (*See* NOR at ¶ 13.)

E-FILED – **JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-7982-GHK (PJWx) | Date | December 2, 2014 |
|---|---|---|---|
| Title | *Jose Carlos Morales v. Select Portfolio Servicing, Inc., et al.* | | |

amount in controversy does not exceed $75,000. SPS opposes this motion.[3] [Dkt. 15.]

## II. Legal Standard

The party that seeks to remain in federal court has the burden of proof on a motion to remand to state court. *See Conrad Associates v. Hartford Accident & Indemnity Co.*, 994 F. Supp. 1196, 1198 (N.D. Cal. 1998). The Ninth Circuit has held that "[t]he strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988) (citations omitted). In cases in which a plaintiff's state court complaint does not specify an exact figure for damages, the defendant must establish, by a preponderance of the evidence, that the amount in controversy exceeds the statutory minimum. *See Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir.1996) (holding that where amount at stake was not clear from allegations in the complaint, defendant seeking to remain in federal court has the burden "of actually proving the facts to support jurisdiction, including the jurisdictional amount"). "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977).

## III. Analysis

SPS removed this action pursuant to 28 U.S.C. Section 1332. "Jurisdiction founded on 28 U.S.C. § 1332 requires that parties be in complete diversity and the amount in controversy exceed $75,000." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). The Parties agree that they are completely diverse: Plaintiff is a citizen of California, SPS is a citizen of Utah, and BANA is a citizen of North Carolina. The Parties disagree, however, as to whether or not Section 1332's amount in controversy requirement has been met.

### A. Amount in Controversy

SPS argues that the amount in controversy exceeds $75,000 for two reasons. First, SPS claims that Plaintiff "seeks to enjoin the foreclosure sale of the Property following his default" and thus, has put the entire loan amount in controversy. (Opp'n at 2.) Second, SPS argues that because Plaintiff "pled that he was entitled to compensatory damages, general damages, special damages, disgorgement, and attorneys' fees and costs . . . it was more likely than not that the amount in controversy exceeded $75,000." (*Id.* at 4.) Neither argument is persuasive.

#### 1. Injunctive Relief

---

[3] SPS requests that we take judicial notice of five documents relating to the subject Property. [Dkt. 15-1.] We **GRANT** SPS's requests as these documents are public records, which are generally appropriate for judicial notice, and Plaintiff does not object.

E-FILED – **JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-7982-GHK (PJWx) | Date | December 2, 2014 |
|---|---|---|---|
| Title | *Jose Carlos Morales v. Select Portfolio Servicing, Inc., et al.* | | |

Defendant is correct that if the primary purpose of Plaintiff's suit was to prevent foreclosure of his home, the amount in controversy would likely exceed $75,000. *See Garfinkle v. Wells Fargo Bank*, 483 F.2d 1074, 1076 (9th Cir. 1973) ("The whole purpose of this action is to foreclose the Bank from selling this property . . . . Based on these facts, this court has no difficulty finding that the matter in controversy has a value in excess of [the statutory minimum] exclusive of interest and costs."); *Rodriguez v. Wells Fargo Bank, N.A.*, 2011 WL 6304152, at *3 (N.D. Cal. Dec. 16, 2011) ("If the primary purpose of a lawsuit is to enjoin a bank from selling or transferring property, the amount in controversy may be the original loan amount, the outstanding balance at the time the sale is contemplated, or the market value of the property."). But, the cases SPS cites in support of removal involve explicit requests to enjoin property sales. *See Reyes v. Wells Fargo Bank, N.A.*, 2010 WL 2629785, at *4 (N.D. Cal. June 29, 2010) ("The plaintiffs challenged the lawfulness of the non-judicial foreclosure procedure and sought an injunction prohibiting the bank from selling the property."); *Zepeda v. U.S. Bank, N.A.*, 2011 WL 4351801, at *3 (C.D. Cal. Sept. 16, 2011) ("[B]ecause Plaintiff expressly seeks to enjoin Defendants from enforcing their power of sale, Plaintiff is effectively precluding Defendants from recouping any losses incurred as a result of Plaintiff's failure to keep current on the mortgage loan.").

Here, SPS claims that "Plaintiff's Complaint readily admits that Plaintiff is seeking to enjoin any potential non-judicial foreclosure sale of the Property." (Opp'n at 3.) But, careful review of Plaintiff's Complaint does not reveal a request for such relief. Plaintiff's prayer for relief does not mention an injunction. Only one paragraph in the Complaint mentions an equitable remedy. In it, Plaintiff states that the instant case "presents a ripe and justiciable controversy for this court's immediate equitable adjudication for which money damages would not be appropriate and without which the Plaintiff will suffer irreparable injury in the loss of his home and his family's resultant homelessness." (Compl. at ¶ 47.) We are unconvinced, based on this paragraph alone, that the primary purpose of Plaintiff's suit is to prevent foreclosure. Instead, the suit's focus is Defendants' alleged negligence and violations of law during the loan modification process. Plaintiff's mere mention of the possibility that he could lose his home without a modification is insufficient to control the nature or aim of his suit. *Cf. Johnson v. Wells Fargo Home Mortgage*, 2012 WL 1229880, at *4 (C.D. Cal. Apr. 11, 2012) ("[A]lthough Plaintiff discusses the possibility of foreclosure in the complaint, alleging that as a result of Defendants' breach he faces 'imminent foreclosure because payment default is reasonably foreseeable,' the complaint does not actually seek to enjoin an impending foreclosure."); *Soto v. Litton Loan Servicing*, 2011 WL 724746, at *4 (N.D. Cal. Feb. 22, 2011) ("[W]hile ¶ 18 mentions that Plaintiffs may face foreclosure as a result of Defendant's refusal to grant a loan modification, contrary to Defendant's characterization, nothing in ¶ 18 indicates that Plaintiffs are seeking to stop the foreclosure process in this lawsuit.").

Plaintiff's submissions make clear that he does "not actually seek to enjoin an impending foreclosure" with this action. (Mot. at 8.) This is especially true since, as SPS concedes, Defendants have not recorded any foreclosure notices and it is unclear if either Defendant intends to imminently pursue foreclosure. (*See* Opp'n at 2.) Instead, Plaintiff may be entitled to alternative forms of equitable relief that would not place the entirety of his loan in controversy. *See, e.g.*, Civil Code § 2924.12(a)(1)

E-FILED – **JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-7982-GHK (PJWx) | Date | December 2, 2014 |
|---|---|---|---|
| Title | *Jose Carlos Morales v. Select Portfolio Servicing, Inc., et al.* | | |

(stating that remedy for a SPOC claim pre-trustee's sale is injunctive relief to prevent further violations of Section 2923.7); *Brown v. Ocwen Loan Servicing, LLC*, 798 F. Supp. 2d 1288, 1290-91 (M.D. Ala. 2011) (finding that the monetary value of a foreclosure *delay* to allow for resolution of the plaintiffs' claims does not meet jurisdictional amount). Accordingly, SPS has failed to demonstrate that Plaintiff's claims for injunctive relief, if any, should be valued at more than $75,000.

**2.     Damages**

SPS also argues that the damages Plaintiff seeks exceed $75,000, merely because his prayer for relief includes compensatory damages, general damages, special damages, disgorgement, and attorneys' fees and costs. But, Plaintiff's Complaint does not specify any damages amounts. And, beyond claiming [t]hese amounts all count[] toward the jurisdictional amount," SPS offers no explanation for, much less any facts showing, why Plaintiff's damages would be more than $75,000. (*See* Opp'n at 4.)

Because Plaintiff alleges he was wrongfully denied a loan modification on several occasions, his damages would likely amount to the difference between his existing loan and any modified loan to which he may have been entitled. *See Johnson*, 2012 WL 1229880, at *4 ("[I]f a plaintiff asserts that he is entitled to a wrongfully denied loan modification, the amount put into controversy is the difference between the value of the existing loan and the proposed modified loan."); *Moreno v. Select Portfolio Servicing, Inc.*, 2010 WL 2525980, at *9 (E.D. Cal. June 23, 2010) (same). Neither the Complaint nor SPS's submissions include any details regarding the value of Plaintiff's requested loan modification. Thus, we have no basis upon which to determine that this amount exceeds the jurisdictional minimum. *Cf. Soto*, 2011 WL 724746, at *3 ("Defendant has not identified any facts regarding the terms of the modification or provided any case law holding that a HAMP loan modification satisfies the amount in controversy requirement. Thus, the loan modification and any damages Plaintiffs sustained stemming from Defendant's denial of it do not provide a basis for this Court to conclude that the amount in controversy requirement has been satisfied.").

As for disgorgement, Plaintiff seeks only restitution of Defendants' profits related to his loan servicing, including late fees and associated costs. SPS has not demonstrated that any disgorged profits would amount to more than $75,000. And while Plaintiff's suit also includes a prayer for attorneys' fees, SPS does not assert what these fees might be or how they would substantiate its removal attempt. *Cf. Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1011 (N.D. Cal. 2002) (counsel submitted declaration that included his hourly rate, fees expended, and fee awards in similar cases). Accordingly, SPS has not demonstrated, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.

**B.     Attorneys' Fees**

Plaintiff also requests an award of attorneys' fees under 28 U.S.C. Section 1447(c), which allows

E-FILED – **JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-7982-GHK (PJWx) | Date | December 2, 2014 |
|---|---|---|---|
| Title | *Jose Carlos Morales v. Select Portfolio Servicing, Inc., et al.* | | |

us to award "just costs and any actual expenses, including attorney fees, incurred as a result of the [improper] removal." SPS does not respond to Plaintiff's request in its Opposition. We have discretion to award attorneys' fees and costs upon remand if we find Defendant lacked an "objectively reasonable basis for seeking removal." *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005); *Patel v. Del Taco, Inc.*, 446 F.3d 996, 999 (9th Cir. 2006) (affirming attorney fee award for "frivolous removal"); *Moore v. Permanente Medical Group, Inc.*, 981 F.2d 443, 446-47 (9th Cir. 1992) (upholding fee award for "wholly unnecessary litigation costs" related to remand motion).

Plaintiff does not request a specific fee amount or further substantiate his fee request. Even though SPS's removal proved unsuccessful, we have no grounds to find its attempt was objectively unreasonable in light of Plaintiff's somewhat confusing allegations. Further, other courts dealing with very similar removal litigation declined to award requested fees. *See, e.g.*, *Johnson*, 2012 WL 1229880, at *5; *Moreno*, 2010 WL 2525980, at *12. Thus, we **DENY** Plaintiff's fee request.

**IV. Conclusion**

For the aforementioned reasons, we **GRANT** Plaintiff's Motion, but not Plaintiff's request for attorney's fees. Plaintiff's action is **hereby REMANDED** to the state court from which it was removed.

**IT IS SO ORDERED.**

|  | -- | : | -- |
|---|---|---|---|
| | Initials of Deputy Clerk | | Bea |